**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-60834-LEIBOWITZ/AUGUSTIN-BIRCH**

**GERSON R. SABIO VELASQUEZ,**
**as Personal Representative of the Estate of**
**Roberto Andres Sabio Ruiz,**

      **Plaintiff,**

**v.**

**SEABULK TANKERS, INC.,** *et al.*,

      **Defendants.**

_____/

**ORDER DENYING SEABULK TANKERS, INC.'S MOTION FOR PROTECTIVE**
**ORDER REGARDING CORPORATE REPRESENTATIVE DEPOSITION TOPICS**

This cause comes before the Court on Defendant Seabulk Tankers, Inc.'s Motion for

Protective Order Regarding Corporate Representative Deposition Topics, which is fully briefed at

docket entries 73, 74, and 75.  The Court has carefully considered the briefing and the record and

is fully advised in the premises.  The Court set a hearing on the Motion for April 23, 2026,

at 1:30 p.m.  DE 72.  However, upon review of the briefing, a hearing is unnecessary for the Court

to resolve the dispute that the parties present in the Motion.  Therefore, the April 23 hearing is

**CANCELED**.  As set forth below, the Motion [DE 73] is **DENIED**.

Defendant moves for a protective order precluding Plaintiff Gerson R. Sabio Velasquez

from inquiring into seven of the topics Plaintiff has provided for the Rule 30(b)(6) deposition of

Defendant's corporate representative.  Parties generally "may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case."  Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery in federal lawsuits).  But a

"court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The protective order may forbid inquiry into certain matters. Fed. R. Civ. P. 26(c)(1)(D). The party seeking a protective order bears the burden of establishing good cause for one. *Stansell v. Revolutionary Armed Forces of Colom.*, 120 F.4th 754, 766 (11th Cir. 2024).

In a notice or subpoena, "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it must set out the matters on which each person designated will testify." *Id.*

There is mixed caselaw on whether courts should intercede in the topics for a Rule 30(b)(6) deposition before the deposition by issuing a protective order. *See Florida v. United States*, 342 F.R.D. 153, 156 (N.D. Fla. 2022) ("At the outset, the Court notes there are varying opinions on whether a district court should even entertain a pre-deposition motion for a protective order that seeks to limit the topics that can be covered during a Rule 30(b)(6) deposition."). One Judge in this District previously explained that Rule 30(b)(6) "is intended to be self-executing and must operate extrajudicially." *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *4 (S.D. Fla. Apr. 6, 2007). "[T]he proper operation of the Rule does not require, and indeed does not justify, a process of objection and Court intervention prior to the schedule[d] deposition," as such a process "would provide a corporate deponent a procedural benefit that no other deponent has." *Id.* "[T]he better procedure to follow for the proper operation of the Rule is for a corporate deponent to object to the designation topics that are believed to be

2

improper and give notice to the requesting party of those objections, so that they can either be resolved in advance or otherwise." *Id.* "The requesting party has the obligation to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers if necessary, following the deposition." *Id.* (emphasis omitted). *But see Florida*, 342 F.R.D. at 156–57 (citing caselaw where courts have ruled on motions seeking to limit topics before Rule 30(b)(6) depositions and agreeing to rule on one such motion because the parties "provided the Court with a sufficient basis to rule").

Here, inquiry into each of the seven topics in dispute could produce information that is relevant to this lawsuit. Inquiry into instances where Defendant determined that a seaman was unfit for employment (Topic # 28) could reveal information about Defendant's policies and procedures when an employee seaman is unfit. This information could be relevant to Plaintiff's claim that Defendant should have acted differently when decedent Roberto Andres Sabio Ruiz arguably became unfit for his employment due to his medical conditions.

The answers and responses Defendant gave to interrogatories and requests for production (Topic #'s 30 and 31) are fair topics of inquiry for the deposition. Inquiry into these topics could elicit greater detail about Defendant's evidence and positions and elicit explanation of the documents Defendant has produced.

Inquiry into Defendant's contentions related to decedent's medical conditions (Topic #'s 32, 33, 34, and 35) are also fair topics of inquiry for the deposition. Inquiry into these topics could provide insight into the factual positions Defendant is taking with respect to this lawsuit.

Given that inquiry into each of the seven topics in dispute could produce relevant information, Defendant's request for a protective order precluding that inquiry is denied.

Certainly, the Court can conceive of questions falling within these topics that might be outside of the scope of discovery or otherwise objectionable. Defendant may preserve its objections to individual questions during the deposition. *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."). For the foregoing reasons, Defendant's Motion for Protective Order Regarding Corporate Representative Deposition Topics [DE 73] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 21st day of April, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE